# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA KYLE,<br><br>                 Plaintiff,<br><br>    v.<br><br>ENVOY MORTGAGE, LLC;<br>MICHELLE LIMON,<br><br>                 Defendants. | Case No. 18-cv-2396-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**AND**<br><br>**(2) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT**<br><br>**[ECF No. 6]** |

     Defendant Envoy Mortgage, LLC ("Envoy") removed this case from the California Superior Court for the County of San Diego on the basis of diversity jurisdiction. (ECF No. 1.) Although one of the two named Defendants, Michelle Limon ("Limon"), is a citizen of California, Envoy's notice of removal contends that Plaintiff Andrea Kyle ("Kyle") fraudulently joined Limon and thus Limon's citizenship should be disregarded. (ECF No. 1-1.) Kyle has moved to remand this action to California state court for lack of diversity jurisdiction. (ECF No. 6.) Envoy opposes. (ECF No. 9.) For the reasons herein, the Court grants Kyle's motion to remand.

## BACKGROUND

On May 23, 2018, Kyle brought suit in California Superior Court against both Envoy and Limon in connection with her termination from her position with Envoy after she complained about policy and legal violations occurring at her branch overseen by Limon. (ECF No. 1-2 Complaint ("Compl").) After Envoy was properly served, Envoy removed the case to the Southern District of California on October 18, 2018. (ECF No. 1.) Envoy filed an answer and a subsequent "amended answer" to the Complaint. (ECF Nos. 3, 4.) The Court issued an order to show cause why the case should not be remanded to state court for absence of complete diversity. (ECF No. 2.) Specifically, setting aside any citizenship issues with Limon, there was no indication in the Complaint or Notice of Removal about Envoy's citizenship. (*Id.*) On November 16, 2018, Kyle moved to remand this case to California Superior Court on the ground that Limon's presence defeats diversity jurisdiction, thus focusing on the issue the Court's order to show cause left open. (ECF No. 6.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to federal court if the action could have originally been filed in federal court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removal statute, however, is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). Thus, the defendant who removes a case from state court has the burden to establish that removal is proper. *See Gaus*, 980 F.2d at 566 ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); *Nishimoto*, 903 F.2d at 712 n.3; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 (1941). "Federal jurisdiction must be rejected if there is any

doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

When diversity jurisdiction is invoked as the basis for removal, the removing party must establish that there is "complete diversity of citizenship" between the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties such that each plaintiff is a citizen of a state different than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Hampton v. Holper*, 319 F. Supp. 3d 1204, 1209 (D. Nev. 2018). An exception to the complete diversity requirement exists when an in-state defendant is deemed to be "fraudulently joined," in which case the court disregards the citizenship of that defendant. *Morris*, 236 F.3d at 1067. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)).

A diverse defendant asserting fraudulent joinder of an in-state defendant must show fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206. "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (quoting *Dodson v. Spiliada*, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT&T Corp.*, 697 F. Supp.

2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris v. AT&T Wireless*, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

**DISCUSSION**

Kyle and Envoy agree that Defendant Michelle Limon is a citizen of California. (ECF No. 1-1 at 6–10 (Envoy's Notice of Removal argument for why Limon's California citizenship should be disregarded); ECF No. 6-1 at 2.) It is also undisputed that Kyle is a citizen of California. (ECF No. 9 at 6 (citing Compl. ¶ 1); ECF No. 6-1 at 2.) Without more, Limon's presence in this suit should mean that diversity jurisdiction does not exist and that removal was not warranted.

Because Envoy removed this case from state court and asserts fraudulent joinder, it is Envoy's burden to establish the removal is proper. Envoy must carry its burden by showing through clear and convincing means that Limon was fraudulently joined such that complete diversity exists. Conversely, it is not Kyle's burden to prove that removal is improper or to disprove fraudulent joinder.

**1. Service on Limon is Not Relevant to Fraudulent Joinder**

Envoy first identifies as evidence of Limon's fraudulent joinder the fact that Kyle did not serve Limon with the Complaint until after Envoy removed this case to federal court. (ECF No. 9 at 7–8; ECF No. 10 (proof of service on Limon).) Envoy argues that Kyle's efforts to serve Limon show that she has "no real, good faith intention of prosecuting her case against Defendant Limon" and thus fraudulent joinder has been established. (ECF No. 9 at 7.) The Court rejects this argument.

As a general matter, in the Ninth Circuit, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and *not from the fact of*

*service.*" *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (emphasis added). Thus, "the citizenship of all defendants, *whether served or not*, must be considered in establishing complete diversity." *Foss v. Rand-Lewis*, No. EDCV-16-2458-MWF (SPx), 2017 WL 7806632, at *1 (E.D. Cal. Jan. 19, 2017) ("The well-established rule is that the citizenship of all defendants, whether served or not, must be considered in establishing complete diversity."); *Fong v. Beehler*, No. C-13-03021-EDL, 2013 WL 5194023, at *4 (N.D. Cal. Sept. 16, 2013). This precedent is no less applicable to Envoy's contention that this Court should infer fraudulent joinder of Limon based on Kyle's efforts to serve Limon. Because service does not affect the existence of complete diversity of citizenship, it is not appropriate for this Court to find fraudulent joinder based on Kyle's efforts (or lack thereof) to serve Limon prior to removal.

The more appropriate focus of the Court's fraudulent joinder inquiry is on Kyle's claims against Limon, not Envoy's speculation about Kyle's intent to prosecute. Fraudulent joinder does not require a finding of fraudulent intent, rather fraudulent joinder is deemed to exist if, whatever the plaintiff's subjective motive, the claim against the in-state defendant has no chance of success. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Verduzco v. Ford Motor Co.*, No. 1:13-CV-01437-LJO-BAM, 2013 WL 5739094, at *2 (E.D. Cal. Oct. 22, 2013), *report and recommendation adopted by*, 2013 WL 6053833, at *3 n.6 (E.D. Cal. Nov. 15, 2013); *Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993). Of course, the joinder of an in-state defendant "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant]" will show fraudulent joinder. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98–99 (1921). But rather than undertaking a searching inquiry into a plaintiff's subjective motives, the no chance of success test serves as the "means for ascertaining whether joinder was grounded in a 'real intention on colorable ground' or [was]

merely a sham and frivolous.'" *See Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp. 2d 943, 947–48 (D. Md. 2004) (citing *Schwyart; Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962); *Morris v. E.I. Du Pont De Nemours & Co.*, 68 F.2d 788 (8th Cir. 1934)). The Court turns to Envoy's attempt to make this showing.

### 2. Whether Kyle Has No Chance of Success Against Limon

Kyle asserts claims against Limon for retaliation in violation of California Labor Code § 98.6, (Compl. ¶¶ 30–36), defamation/slander, (*id.* ¶¶ 56–71), and unauthorized use of identity and/or image in violation of California Civil Code § 3344, (*id.* ¶¶ 72–76). Envoy has the burden to show that Kyle has no chance of success on *each* of these claims in order for the Court to find that Limon was fraudulently joined and her California citizenship should be disregarded. Envoy fails to meet this burden.

#### a. Alleged Agency Relationship Does Not Immunize Limon

Envoy first contends that it is "well established California law that a disclosed agent is not liable for acts in the course of his or her agency[.]" (ECF No. 9 at 9) Envoy argues that Limon was Envoy's employee whose "conduct was within the scope of Limon's agency and ratified by Envoy." (*Id.* (citing Compl. ¶¶ 3, 36).) Thus, according to Envoy, Limon cannot be liable for any of the claims against her. Envoy made the same argument in its Notice of Removal. (ECF No. 1 at 6–7.) And the Court rejects it now.

As an initial matter, the sole authority Envoy cites for its averment about how California law treats agents generally concerns *only* liability pursuant to the California Fair Employment and Housing Act. *See Howell v. City of Fresno*, No. CV-F-371-OWW/TAG, 2007 WL 1501844, at *8 (E.D. Cal. May 22, 2007) (citing

*Janken v. GM Hughes Electronics*, 53 Cal. Rptr. 2d 741 (Cal. Ct. App. 1996)) (concluding that plaintiffs could not impose FEHA liability on individual defendants). This case, however, does not involve FEHA claims against any Defendant.

Envoy's argument about California law on agency is otherwise not well-taken. California statutory law expressly provides that "an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [w]hen his acts are wrongful in their nature." Cal. Civ. Code § 2343(3). "[T]he general rule in California and elsewhere is that an agent is liable for his tortious acts that injure a third party[.]" *Black Donuts, Inc. v. Sumitomo Corp. of Am.*, 2010 WL 9185024, 2010 WL 9185024, *6 (C.D. Cal. Mar. 3, 2010) (citing Cal. Civ. Code § 2343(3)). Thus, "[a]n agent or employee is always liable for his own torts, whether his employer is liable or not." *See Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 131 Cal. Rptr. 2d 777, 788 (Cal. Ct. App. 2003) (emphasis added); *Niles v. City of San Rafael*, 116 Cal. Rptr. 733, 737 (Cal. Ct. App. 1974) (agent's principle who is found liable could be indemnified by the agent); *La Flower v. Merrill*, 28 F.2d 784 (N.D.Cal.1928) (agent or servant is not excepted from liability for torts as to acts done in course of agency).

Federal courts have routinely rejected the agency argument Envoy raises here in remanding cases to state court. *See Sahota v. Walgreen Co.*, No. 13-cv-00410-KJM-DAD, 2013 WL 3339355, at *4 (E.D. Cal. July 2, 2013) (rejecting argument that agents cannot be held liable for defamation claim made within scope of employment and remanding case to state court); *Bear Valley Family, L.P. v. Bank Midwest, N.A.*, No. ED CV 10-905 PSG (JEMx), 2010 WL 3369600, at *3–4 (N.D. Cal. Aug. 21, 2010) (rejecting agency theory challenge to negligent misrepresentation and promissory estoppel claims); *Leung v. Sumitomo Corp. of Am.*,

No. C 09-05825 SI, 2010 WL 816642, at *3–4 (N.D. Cal. Mar. 9, 2010) (same and noting that agents may still be held liable for their wrongful conduct); *Castagnola Fleet Mgmt. v. Sea-Pac Ins. Managers, Inc.*, No. 09-cv-369-L(POR), 2010 WL 883842, at *3 (S.D. Cal. Mar. 8, 2010) (rejecting argument with respect to insurance agents). The Court similarly rejects Envoy's agency argument with respect to Kyle's defamation and unauthorized use of image claims.

With respect to Kyle's Section 98.6 claim in particular, it is not clear to the Court on what basis Envoy argues that an agency relationship could preclude Limon's liability. The relevant statutory section differentiates "person" from "employer." Section 98.6 expressly provides that "[a] *person* shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee . . . because the employee . . . engaged in any conduct delineated in this chapter." Cal. Labor Code § 98.6(a) (emphasis added). The statute provides in a *separate* subsection that "[a]n employer who violates this section is liable for a civil penalty." Cal. Labor Code § 98.6(b)(3) (emphasis added). Envoy has not shown that California courts conflate the two terms or that California courts permit liability of an employer to preclude liability for other "persons" who are also alleged to have violated the statute. In the absence of clear and well-settled authorities, the Court will not conclude that no Section 98.6 claim can lie against Limon. *See Fernandez v. Big Lots Stores, Inc.*, No. EDCV 14-00806 DDP (ASx), 2014 WL 3418112, at *4 (C.D. Cal. July 10, 2014) (reviewing California law and concluding that "it is not clear or well settled that Plaintiff cannot pursue a § 98.6 claim against" two individual in-state defendants given the statute's use of the word "person"). Thus, the Court rejects Envoy's agency argument as to this claim as well.

### b. The "Managerial Privilege" Does Not Apply

Envoy next argues that "when an agent is acting at least in part to benefit a

principle, his or her conduct is privileged." (ECF No. 9 at 10 (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).) Envoy argues that Limon allegedly made statements about Kyle and Kyle's work performance in her employee capacity and used Kyle's likeness in furtherance of Envoy's commercial interests, all of which was allegedly within Kyle's scope of agency and ratified by Envoy. (*Id.* at 9–10 (citing Compl. ¶¶ 3, 36, 57, 59, 73–75).) As in its Notice of Removal (ECF No. 1 at 7–10), Envoy thus contends that the "managerial privilege" protects Limon from liability. Setting aside that Kyle never alleges that Limon used Kyle's likeness for Envoy's commercial interests, Envoy's arguments misapply the "managerial privilege" to the claims at issue.

In *McCabe*, the Ninth Circuit found fraudulent joinder of two California defendants against whom the plaintiff alleged a wrongful discharge claim on the ground it was "obvious" from the complaint that their actions "had been in their managerial capacity," "had been ratified by the [corporate defendant]," and—crucially—they "were not alleged to have acted on their own initiative." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (stating that "it is clear that 'if an advisor is motivated in part by a desire to benefit his principal,' his conduct is, under California law, privileged[]" (quoting *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982)). Reasoning that the wrongful discharge and negligence claims in the case arose out of the plaintiff's contractual relationship with the employer-defendant, the *McCabe* court determined that the manager's privilege protected the conduct of the individual defendants. *Id.* at 1339.

Although Envoy faults Kyle for not "distinguish[ing] *McCabe*," (ECF No. 9 at 9 n.5), it is—once more—not Kyle's burden to disprove fraudulent joinder. Despite Envoy's assertion that "[t]he fact that the claims are for defamation, retaliation, and unauthorized use of image does not change the analysis," (*id.*), Envoy

fails to cite a single case that applies the "managerial privilege" articulated in *McCabe* to such claims.

Envoy's *McCabe* "managerial privilege" argument fails because, in fact, Kyle's "claims against [Limon] for defamation," violation of Section 98.6, and unauthorized use of Kyle's image "are outside the scope of the privilege at issue in *McCabe*, which was limited solely to the claim for interference with a contractual relationship." *See Losik v. Current, Inc.*, No. 92-20352 SW, 1992 U.S. Dist. LEXIS 20550, at *6 (N.D. Cal. Oct. 30, 1992) (noting that privilege is limited to intentional interference with contractual relationship claim); *see also Browand v. Ericsson Inc.*, No. 18-cv-02380-EMC, 2018 WL 3646445, at *7 (N.D. Cal. Aug. 1, 2018) ("Defendants misapply the manager's privilege to Plaintiff's false promise and IIED claims. The overwhelming weight of authority has refused to apply the privilege to preclude claims that do not arise out of the conduct involved in a business tort of interference with contractual relations."); *Hernandez v. Ignite Rest. Grp., Inc.*, 917 F. Supp. 2d 1086, 1091 (E.D. Cal. 2013) (surveying California cases and finding almost no examples of a state or federal court applying the manager's privilege to any tort other than intentional interference with a contractual relationship); *Webber v. Nike USA, Inc.*, No. 12-CV-00974 BEN (WVG), 2012 WL 4845549, at *4 (S.D. Cal. Oct. 9, 2012) (citing *Losik* approvingly); *Black Donuts, Inc. v. Sumitomo Corp. of Am.*, No. CV 10-0454 SVW (SSx), 2010 WL 9185024, at *7 (C.D. Cal. Mar. 3, 2010) (stating that "the 'manager's privilege' rule applies only in the context of tortious interference with contract" and noting that *McCabe* relied on an earlier tortious inference with contract case to apply the privilege).

Because Kyle's claims against Limon do not concern or arise out of the business tort of intentional interference with a contractual relationship, the Court rejects Envoy's assertion of the "managerial privilege."

### c. Alleged Failure to State a Claim Against Limon

As a final matter, Envoy purports to challenge the sufficiency of Kyle's claims against Limon to show that Limon was fraudulently joined. Envoy makes cursory arguments that (1) Kyle fails to allege communications necessary for a defamation/slander claim, (2) Kyle fails to allege any actual instance of use of Kyle's image for her use claim, and (3) Limon cannot be held liable pursuant to Section 98.6. (ECF No. 9 at 10.) The Court has already rejected the third argument and thus the Court focuses on the first and second arguments.

Rejection of Envoy's arguments is fairly straightforward. Kyle makes the *same* allegations for her defamation and unauthorized use of image claims against *both* Limon and Envoy. When there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action. *Dominick's Finer Foods v. Nat'l Constr. Servs.*, No. CV 10-00836-SVW (PWJx), 2010 WL 891321, at *3 (C.D. Cal. Mar. 9, 2010). In such a case, "there is no improper joinder; there is only a lawsuit lacking in merit . . . . [i]n such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044–45 (9th Cir. 2009) (quoting *Smallwood*). In these situations, a finding of fraudulent joinder "effectively decide[s] the . . . case." *Smallwood*, 385 F.3d at 571; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) (reversing district court where "the district court, in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits."). For purposes of determining whether the court may exercise its diversity jurisdiction, such a merits-based decision

is improper.  *See Smallwood*, 385 F.3d at 575 (citing *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 151–53 (1914); *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906)).

Envoy's arguments about Kyle's defamation and unauthorized use of image claims are notably not limited to Limon, but rather apply to Envoy as well.  Envoy's Notice of Removal expressly contends that Kyle fails to state such claims against *either* Defendant.  (ECF No. 1 at 7 ("Plaintiff fails to plead any purported slanderous statements by any defendants."); *id.* at 10 ("Plaintiff's complaint alleges no instances of use of her image or identity whatsoever.")).  As such, any purported "fraudulent joinder" determination about these claims is in fact a merits inquiry into these claims as to *both* Defendants.  It is improper for the Court to undertake such a determination in the guise of a fraudulent joinder inquiry.

Even if it were proper for the Court to examine the defamation and unauthorized use of image claims solely as to Limon, Envoy has failed to meet its burden to show Kyle has no possibility of stating such claims against Limon. "Simply alleging that a plaintiff has not pled sufficient facts to state a claim does not necessarily suffice" for a finding of fraudulent joinder "if [the] plaintiff *could* potentially amend the complaint to allege a viable claim." *Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076, 1084 (E.D. Cal. 2018) (citation omitted) (emphasis added).  Thus, "[t]he defendant must demonstrate that there is *no possibility* the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."  *Good v. Prudential*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (emphasis added).  If there "exists 'a non-fanciful possibility' that Plaintiff can state a claim under California law against the non-diverse defendant, the Court must remand." *Hernandez*, 917 F. Supp. 2d at 1091–92.

Here, Envoy does not attempt to actually argue—as opposed to merely assert—that Kyle could not amend her defamation and unauthorized use of image claims to correct the deficiencies Envoy believes exist. In the absence of such an analysis from Envoy, the Court will not conclude that Envoy has met its burden to show that there is no possibility Kyle could plead sufficient facts to state defamation and unauthorized use of image claims against Limon.

\*   \*   \*

Having rejected all of Envoy's arguments, Envoy has not shown through clear and convincing means that Limon was fraudulently joined. Because Limon is a California citizen, this case lacks complete diversity and does not belong in federal court. Removal was improper and remand is appropriate.

### 3. Kyle's Request for Attorneys' Fees and Costs

As a final matter, Kyle's attorney requests between $4,220 and $4,750 in attorneys' fees and costs in connection with the motion to remand. (ECF No. 6-1 at 8, 22–25.) "Absent unusual circumstances, a court may award costs and attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *GranCare, LLC v. Thrower*, 889 F.3d 543, 552 (9th Cir. 2018) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *In re Bard IVC Filters Prods. Liab. Litig.*, MDL No. 2641; No. CV-16-00336-PHX-DGC, 2016 WL 2956556, at \*7 (D. Ariz. May 23, 2016). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The decision to award attorneys' fees is in a district court's discretion. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). Although Envoy's arguments in opposition to remand lack merit, the Court cannot conclude that Envoy lacked an objectively reasonable basis in removing this case to federal court. Accordingly, the

1 | Court denies the request for attorneys' fees and costs.

**CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** Kyle's motion to remand. (ECF No. 6.) This case is **REMANDED** to the California Superior Court for the County of San Diego. The Clerk of the Court shall close the file in this case.

**IT IS SO ORDERED.**

DATED: December 17, 2018

Hon. Cynthia Bashant
United States District Judge